IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCHESU MINOR** | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-4151** |
| | : | |
| **UNITED STATES POLICE,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

**QUIÑONES ALEJANDRO, J.**                                                            **OCTOBER 15, 2020**

Plaintiff Marchesu Minor filed this civil action against "United States Police" and "Law Enforcement." (ECF No. 1.) She subsequently filed a *motion to proceed in forma pauperis,* after being directed to either do so or pay the fees. (ECF No. 4.) The Court will grant Minor leave to proceed *in forma pauperis* and dismiss her Complaint.[1]

**I.     FACTUAL ALLEGATIONS**

Minor filed her Complaint following the recent death of George Floyd. (ECF No. 1 at 1.)[2] In the complaint, Minor indicates that she is raising wrongful death claims "on behalf of the children of Black American People", specifically Floyd's daughter, and "the children of the man shot by Police seven times in front of his children." (*Id.*) The Complaint discusses examples of black men who were killed and alludes to Minor's "emotional loss of her father in 1981" as a result

---

[1]     Minor is a regular litigant known to the Court. She has been precluded from proceeding *in forma pauperis* in prior cases she filed while incarcerated as a "three-striker" under 28 U.S.C. § 1915(g). *See, e.g.*, *Minor v. Phila Police Dept.*, E.D. Pa. Civ. A. No. 20-2385 (ECF No. 5.). However, at the time she filed this case, Minor was not incarcerated. The Prison Litigation Reform Act, including § 1915(g), therefore does not apply to the instant proceeding.

[2]     The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

1

of what she describes as "parental negligence with law enforcement." (*Id.* at 1-2.) Minor alleges that "[t]he children of the acts of Police in the media of the United States Black American communities are entitled to compensation for the loss of death or injury of their fathers deserve compensation by the wrongful injury death." (*Id.* at 2.)

## II.     STANDARD OF REVIEW

The Court grants Minor leave to proceed *in forma pauperis* because it appears that she is incapable of pre-paying the fees to commence this civil action. Accordingly, Minor's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This rule requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.*

Courts may also address legal standing when screening a complaint. *See Banks v. Buchanan*, 336 F. App'x 122, 123-24 (3d Cir. 2009) (*per curiam*); *see also St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 356 n.5 (3d Cir. 2018) (explaining that courts may *sua sponte* raise issues of standing). As Minor is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Having review the complaint, this Court will dismiss this matter because Minor lacks legal standing to bring it. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d

876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))).  Although an individual may represent herself *pro se*, a non-attorney may not represent other parties in federal court.  *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).  Furthermore, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim.  *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)).

    Here, Minor pursues wrongful death and damages claims on behalf of other people's children.  As a non-attorney, she may not pursue these claims on behalf of others and she lacks standing to seek damages on her own behalf for harm suffered by third parties.  Accordingly, the Complaint is dismissed.  To the extent Minor's reference to losing her father in 1981 reflected an intention to pursue claims on her own behalf, she has not clearly articulated a timely, plausible claim within the Court's jurisdiction.  As such, that claim is also dismissed.  An Order follows, which finally dismisses the Complaint because this Court concludes that any amendment would be futile.